### J. L. Faubion v. The State.

#### No. 9954.  Delivered April 24, 1926.

**1.—Forgery—Former Conviction—Practice in Trial Court.**

To present the issue of a former conviction a written plea duly verified must be filed, under Arts. 508 and 509, C. C. P. 1925. This issue cannot be raised by cross-examination of witnesses, and argument before the jury in the absence of a formal plea, nor will the plea if filed be a bar, unless the judgment of the former conviction has become final.

**2.—Same—Calling Case Out of Order—No Error Shown.**

Appellant's complaint that his case was called and tried out of its order, presents no error. The trial courts have control of their dockets, and unless some abuse of their discretion which is shown to have resulted in injury to appellant is disclosed. the discretion of the trial court will not be interfered with by this court. See Stevens v. State, 49 S. W. 105.

**3.—Same—Argument of Counsel—Not Improper.**

The statement of the district attorney in his argument to the jury

that they had the power to acquit the defendant, but that he, the district attorney, didn't think they had any legal or moral right to do so, and if they did so, he asked them what legal or reasonable explanation they could give anybody for so doing, was not improper.

#### 4.—Same—Continued.

Where it is shown that counsel for the state in his argument to the jury, in effect said that the defendant had not asked for mercy, or plead guilty, or even asked for a suspended sentence, or said aught, the court's qualification to appellant's bill complaining of this argument, stating that this argument was made in response to that made by counsel representing the appellant, no error is presented.

Appeal from the District Court of Potter County. Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction of forgery, penalty five years in the penitentiary.

The opinion states the case.

*Umphries, Mood & Clayton* of Amarillo, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is forgery, and the punishment is five years in the penitentiary.

By cross-examination of the State's witnesses and in oral argument, the appellant sought to plead former conviction as a bar to the prosecution in this case, claiming this was the same transaction for which he was convicted in cause No. 2794.

Appellant filed no plea of former conviction. This is necessary under the statute. Art. 508, C. C. P., 1925 Revision. Not only must the plea be filed, but it must be verified by the affidavit of the appellant. Art. 509, supra. The record also fails to show that the judgment of conviction in cause No. 2794 had become final at the date of the trial in the instant case and no motion for a continuance was filed.

By bill of exceptions No. 1, appellant complains at the court's action in calling this case out of its order on the docket. This bill fails to show any abuse of the court's discretion in this matter or any injury or injustice done the appellant. Stevens v. State, 49 S. W., 105.

Under the court's qualification of the bill raising the matter. special charge No. 3 was properly refused. As explained by the court, the district attorney did not tell the jury, as claimed by appellant, that they would be at a loss to explain

the verdict to their friends if they acquitted the defendant, but, on the contrary, told them that they had the power to acquit the defendant, but that he, the district attorney, didn't think they had any legal or moral right to do so, and if they did so he asked them what legal or reasonable explanation they could give anybody for so doing. We think this was not such argument as would call for a reversal of the case.

By special charge No. 5, appellant sought to have the jury instructed to disregard the district attorney's argument to the effect that defendant had not asked for mercy or plead guilty or even asked for a suspended sentence or said aught. In signing this bill the court certifies to facts which, if true, show that this argument was made in response to that made by the counsel representing the appellant.

There being no reversible error in the record, the judgment is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.