Fritz WHITTINGTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 57922.

Court of Criminal Appeals of Texas, Panel No. 1.

May 16, 1979.

Ray Stevens, Houston, for appellant.

Carol S. Vance, Dist. Atty., Douglas M. O'Brien and Bill A. Camp, Asst. Dist. Attys., Houston and Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and CLINTON, JJ.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for aggravated assault; punishment, enhanced by two prior convictions, is imprisonment for life.

Appellant urges that evidence of extraneous offenses was improperly admitted. He also complains that the prosecutor engaged in improper argument at the guilt-innocence stage of the trial.

It was alleged that on or about March 27, 1976, appellant did "intentionally and knowingly cause bodily injury to M. L. Curran, hereafter styled the Complainant, a peace officer in the lawful discharge of an official duty, knowing at the time that the Complainant was a peace officer."

The complainant and C. M. Braun, officers of the Houston Police Department, testified that they were on patrol on the day of the offense. At approximately 5:30 p. m., they heard loud voices and cursing coming from a lounge; upon investigation, they saw appellant standing in the doorway of the lounge and arguing with a woman. Braun followed them inside the lounge and saw appellant strike the woman; Braun told appellant to stop, but appellant ignored the command and departed through a side door. Braun and Curran pursued appellant into a yard behind the lounge, and a scuffle ensued. The officers subdued appellant and secured a pocket knife from him; they attempted to handcuff appellant, but were unable to do so because he was struggling with them. They then attempted to wrestle appellant into the patrol car, but he freed himself and struck Braun in the chest. Braun returned the blow, and appellant continued to kick and swing at Braun; appellant then grabbed Braun's handcuffs and struck him on the head. Braun was dazed for a few seconds; when he arose, he saw appellant striking Curran, who was lying on the ground, with an unknown object. Braun and Curran then fired several shots at appellant, who escaped.

Appellant was seen on a nearby street approximately twenty minutes later by police officers J. N. Guidry and G. D. Lott. Appellant had a blood-stained T-shirt wrapped around his waist, blood on his pants leg, and a pair of handcuffs in his pocket. When the officers attempted to arrest appellant, he swung at them. Two other officers arrived to assist Guidry and Lott, at which point appellant pulled a screwdriver from his pocket and began swinging it at the officers. Appellant eventually was subdued and arrested.

Appellant's version of what happened was somewhat different. He testified that he was on parole at the time of the offense. He had gone to get a key to his apartment from his wife, who worked at the lounge. The proprietress of the lounge asked him to leave, and he gently shoved her aside. At this point, appellant saw officers Braun and Curran approaching and, because he was on parole and was not supposed to be where alcoholic beverages were sold, he fled. Appellant testified that he halted when ordered to do so, and that Braun and Curran vilified him, struck him repeatedly with a flashlight, attempted to break his arm, and shot him twice. He denied that he possessed a screwdriver on the night in question or that he stabbed any officers with a screwdriver.

Appellant urges that the court erred in admitting in evidence testimony regarding his arrest, including his resistance and stabbing of the officers.

■■■ Flight is a circumstance from which an inference of guilt may be drawn. *Ysasaga v. State,* 444 S.W.2d 305 (Tex.Cr. App.1969); *Arivette v. State,* 513 S.W.2d 857 (Tex.Cr.App.1974). Consequently, evidence of flight is admissible even though it may show the commission of other crimes. *Arivette v. State, supra; Thames v. State,* 453 S.W.2d 495 (Tex.Cr.App.1970). In prov-

ing flight, it is relevant to show efforts made to locate or apprehend the accused, his pursuit and capture, and his resistance to arrest when taken. *Martinez v. State*, 140 S.W.2d 187 (Tex.Cr.App.1939); *Thames v. State, supra; Jones v. State*, 471 S.W.2d 413 (Tex.Cr.App.1971).

The court did not err in admitting evidence of appellant's arrest and the surrounding circumstances, including appellant's assault upon the arresting officers.

Appellant also contends that the prosecutor engaged in improper argument at the guilt-innocence stage of the trial. Appellant's contention, set forth in a single ground of error, relates to two unrelated examples of allegedly improper argument. The ground of error does not comport with Article 40.09, § 9, V.A.C.C.P., and nothing is presented for review. See *Stein v. State*, 514 S.W.2d 927 (Tex.Cr.App.1974); *Fuller v. State*, 501 S.W.2d 112 (Tex.Cr.App.1973). We will discuss those contentions, however, since we are able to distinguish them from one another. See *Bright v. State*, 556 S.W.2d 317 (Tex.Cr.App.1977).

Appellant asserts that the following comments constituted improper appeals for the jury to return a verdict that would satisfy the community's expectations:

"... The twelve of you were selected to represent the people in Harris County and the State of Texas. Your friends and your neighbors. After you leave this trial, your friends and your neighbors are going to ask you what happened. The Judge will have instructed you to talk about it after the trial is over. They are going to ask you what happened and you are going to tell them, well, I sat on a trial where a man was accused of putting stitches in the back of an officer's head and five in the other officer and stabbing four other officers and your neighbor might ask what did you do—

"* * *

"... Now, you—and as you think about that, think about it right now. Because I think you will want to give them an answer you can be proud of, that your friends and neighbors can be proud of."

As we view it, the argument was in the form of a plea for law enforcement, which the prosecutor is permitted to make, *Phillips v. State*, 511 S.W.2d 22 (Tex.Cr. App.1974); *Phillips v. State*, 450 S.W.2d 650 (Tex.Cr.App.1970); *Holloway v. State*, 525 S.W.2d 165 (Tex.Cr.App.1975), rather than an attempt to induce the jury to convict because the people of the community desired or expected a conviction, thus injecting a new and harmful fact into the evidence as in *Pennington v. State*, 345 S.W.2d 527 (Tex.Cr.App.1961), relied upon by the appellant. The first part of the argument told the jurors their friends and neighbors would ask about their jury experience and the facts of the case and the outcome of the case. It is a matter of common knowledge that such things normally occur. The appellant's objection on the basis now urged on appeal was then made and properly overruled. When the balance of argument was made about giving an answer of the jurors that their friends and neighbors could be proud of, the only objection was "improper jury argument," a general objection at best, which presents nothing for review. Further, the argument cannot be viewed as a plea to convict because of the community's desires and expectations. See *Cain v. State*, 549 S.W.2d 707, 717 (Tex.Cr. App.1977); *McCall v. State*, 540 S.W.2d 717, 721 (Tex.Cr.App.1976); *Overstreet v. State*, 470 S.W.2d 653, 654 (Tex.Cr.App.1971).

Appellant also complains that the following argument was improper because it is not supported by the record:

"At this time, ladies and gentlemen, let me point out there's only one way that you can create reasonable doubt is to turn that burglarizing cop hating man on the street."

The argument is a reasonable deduction from the evidence. See *Hughes v. State*, 563 S.W.2d 581 (Tex.Cr.App.1978); *Burns v. State*, 556 S.W.2d 270 (Tex.Cr.App.1977).

The judgment is affirmed.

CLINTON, Judge, concurring.

Were we hearing it for the first time, I would not hesitate to sound the critic's gong

to the lyrical call of the prosecutor for a prideful verdict. It is, however, but a variation on a recurring theme that has received generally favorable reviews. Thus, *Overstreet v. State*, 470 S.W.2d 653 (Tex.Cr. App.1971) nodded to the tune of " 'go back in that jury room and write a verdict of which you may be proud,' " and early on *Pearl v. State*, 43 Tex.Crim. 189, 63 S.W. 1013, 1017 (1901) believed that urging the jury to " '[r]eturn a verdict in this case that will be approved by the good citizens of Brown County' " was not off-key. Nor did *Faubion v. State*, 104 Tex.Cr.R. 90, 282 S.W. 599 (1926) detect a discordant note in an acknowledgement that the jury had power to acquit but that he, the prosecuting attorney, did not think they had any legal or moral right to do so and, if they did so, he wondered what legal or reasonable explanation they could give anybody for so doing.

Though dissonant to my own musical sense, the refrain is such a classic it will continue to receive critical acclaim until its hypocritical notes are more clearly heard. Meanwhile, in tune with *stare decisis* I concur in affirming the judgment of conviction.[1]

ROBERTS, Judge, dissenting.

I must dissent from the majority's conclusion that the prosecutor's argument about "friends and neighbors" was a proper plea for law enforcement rather than an improper reference to community expectations. None of the cases which are cited deals with this distinction. Elsewhere the author of the majority opinion has dealt correctly with the distinction. In *Overstreet v. State*, 470 S.W.2d 653, 654 (Tex.Cr.App. 1971) (Onion, P. J.), we held that the prose-

cutor's argument that the jury " 'write a verdict of which you may be proud' " was "a plea for law enforcement rather than an urging of the jury to convict because of the community's desires or expectations." This distinction often has been made. *Myers v. State*, 468 S.W.2d 847 (Tex.Cr.App.1971). The holding of *Overstreet*, supra, that a prosecutor may plead for law enforcement does not mean that he may ask for a conviction because of community desires and expectations. See *Hendrix v. State*, 474 S.W.2d 230, 233, note 1 (Tex.Cr.App.1971).

"The jury, just as this Court, should never concern itself with whether the performance of their duties receives popular acclaim. They, just as we, have sworn to administer justice in each particular case. Our Constitution provides that all men, whether innocent or guilty, regardless of their station in life or the nature of the crime for which they may be accused, shall be tried by a dispassionate jury solely on the facts of that case and in accord with rules tested and proved sound by the passage of time." *Cox v. State*, 157 Tex. Cr.R. 134, 247 S.W.2d 262, 265 (1952).

The argument in this case was significantly different from the one in *Overstreet*, supra, and it crossed the boundary from a plea for law enforcement into a plea for a conviction because of community expectations. The prosecutor expressly told the jury to return a verdict "that your friends and neighbors can be proud of." This reference to community desires and expectations was accentuated by the rest of the quoted argument, including the wholly incorrect statement that the jurors would be under judicial instructions to talk about "what happened."

---

1. Actually, as I analyze the "friends and neighbors" argument, it is neither a plea for law enforcement nor an indication of community expectations. Rather, by positing the jury as representing the citizenry of Harris County and the State of Texas—"your friends and your neighbors"—who will make inquiry as to the stewardship of the individual juror, in telling the jury that it will want to give an answer "your friends and neighbors can be proud of" the prosecutor is really suggesting that the juror react to an anticipated sense of shame upon returning to his community from rendering a verdict of not guilty. The notion is more subtle than a statement of community expectations. While this Court cautioned in *Hendricks v. State*, 474 S.W.2d 230, 233, n. 1 that it would not condone argument that the community would criticize the jury in a particular case if a verdict desired by the State was not returned, so far as I can ascertain it has never directly denounced that tenor of argument but, as indicated in the body above, seems rather to have approved statements closely akin to it.

849

The State disingenuously suggests that the reference to a verdict "you can be proud of, that your friends and neighbors can be proud of" implied merely "a fair verdict." From the standpoint of the jury, it must have been inferred that a verdict "that your friends and neighbors can be proud of" referred to a guilty verdict, not a fair verdict. It is not improper to ask for a guilty verdict, but it is improper to ask for one on that basis. The trial court erred in overruling the appellant's objections.

The judgment should be reversed.