In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-01086-CR

____________


CURTIS RAY BARNES, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 178th District Court 

Harris County, Texas

Trial Court Cause No. 858276 





O P I N I O N


 A jury convicted appellant, Curtis Ray Barnes, of the offense of delivery of less
than one gram of cocaine and, after finding the allegations in two enhancement
paragraphs to be true, assessed punishment at six years confinement in prison. In his
sole point of error, appellant contends the State's closing arguments injected new and
harmful facts against appellant in violation of his rights. We affirm. 

Facts

 On October 12, 2000, while in an unmarked car, Houston Police Department
undercover officers Lerma and Chapman approached appellant at a street corner and
asked him for $20 worth of cocaine. Appellant accepted the $20 in cash and told the
officers to "make the block." After driving around the block, the officers returned to
appellant, who handed Lerma a rock of crack cocaine. As the officers departed, they
radioed the description and location of appellant to Officer Perales, who immediately
proceeded to the corner and detained appellant. Officers Lerma and Chapman then
returned to the corner, identified appellant as the seller, and arrested him. 

The State's Closing Arguments

 In his sole point of error, appellant contends the trial court erred in denying (1)
appellant's requests for instructions to disregard four closing arguments made by the
State at the guilt-innocence and punishment stages of trial and (2) appellant's motion
for a mistrial regarding one closing argument made by the State at the punishment
stage of trial. 

 Proper jury argument generally falls into the following four categories: (1)
summation of the evidence; (2) reasonable deductions from the evidence; (3)
responsive arguments; and (4) pleas for law enforcement. McFarland v. State, 989
S.W.2d 749, 751 (Tex. Crim. App. 1999); Washington v. State, 16 S.W.3d 70, 73
(Tex. App.--Houston [1st Dist.] 2000, pet. ref'd). The State may not depart from
these categories to engage in conduct calculated to deny an accused a fair and
impartial trial. Wilson v. State, 938 S.W.2d 57, 59 (Tex. Crim. App. 1996). We
address each statement in turn. 


 "If ya'll convict him, he can be locked up."


 Appellant first complains of the following State's argument made at the guilt-innocence stage of trial:

. . . . you assume everyone in court will tell the truth
because they're under oath, but when you have desperate
times you will do anything, and I repeat that, anything to
beat the rap. That includes lying on the stand and that
includes making up stories. Why? It's simple. What does
he have to lose? What does the defendant have to lose? If
ya'll convict him, he can be locked up. 


Appellant objected to the argument, asserting that any reference to punishment
during the guilt-innocence stage of trial was an improper argument. The trial court
overruled the objection.

 It is generally improper for the State to comment on punishment during the
guilt-innocence stage of trial. See McClure v. State, 544 S.W.2d 390 (Tex. Crim.
App. 1976); Cherry v. State, 507 S.W.2d 549 (Tex. Crim. App. 1974). Not every
reference to punishment at the guilt-innocence stage is improper, however. See
Cifuentes v. State, 983 S.W.2d 891, 893 (Tex. App.--Houston [1st Dist.] 1999, pet.
ref'd) (holding isolated reference to lesser included offense as misdemeanor is not
reversible error provided no explicit statement regarding range of punishment
assigned is made); Esparza v. State, 725 S.W.2d 422 (Tex. App.--Houston [1st Dist.]
1987, no pet.). If a prosecutor repeatedly injects punishment into the guilt-innocence
stage of trial in an effort to inflame the jury, the argument is improper and objections
should be sustained. See McClure, 544 S.W.2d at 393; Cherry, 507 S.W.2d at 549. 
 In the present case, the State did not repeatedly attempt to inject punishment
into the guilt-innocence stage and never referred to the range of punishment attached
to the offense. Furthermore, the State's argument was not a plea to the jury to
consider punishment as opposed to facts when determining guilt or innocence. See
McClure, 544 S.W.2d at 393. 

 Rather, the State's argument was responsive to properly admitted evidence at
trial. See Campbell v. State, 610 S.W.2d 754, 757 (Tex. Crim. App. 1980). Appellant
testified that he did not commit the offense and would have pled guilty if he had
committed the offense. Appellant also stated that Officers Lerma and Chapman were
lying about the events in question. When read in context, the State's argument
responds to appellant's testimony by proposing a motive to give false testimony. 
Because the State's isolated argument was responsive to evidence in the record rather
than a statement intended to inflame the jury, we hold the trial court did not err by
overruling appellant's objection.


 "And a jumpsuit, some people might say, is a warm-up suit. It's a matter
of semantics."



 Appellant next complains of the following State's argument made at the guilt-innocence stage of trial:

Look, we can nitpick about clothing, we can go down
rabbit trails about clothing.....These guys told you, when
they were on the stand, this guy was wearing a jumpsuit. 
And a jumpsuit, some people might say, is a warm-up suit. 
It's a matter of semantics. 

 

Appellant objected to the argument, asserting, "It had straps that came over by all
concerned." The trial court overruled the objection.

 Throughout trial there was a debate as to what appellant was wearing on the
night of the offense. "Jumpsuit," "warm-up pants," "jogging pants," and
"windbreaker" were among the terms used to describe appellant's clothing. Officer
Lerma, Officer Perales, and appellant gave differing descriptions of what appellant
was wearing. 

 The State's argument is not manifestly improper, as appellant contends, but is
instead a summation of the evidence that reiterated debate as to the proper description
of appellant's clothing. See McFarland, 989 S.W.2d at 751. Because the State may
present an argument in summation of the evidence, the trial court did not err by
overruling appellant's objection.



 Community Expectations


 Appellant next complains of the following State's argument made at the guilt-innocence stage of trial:

You are going to tell your respective others and friends and
family members, you're going to say, yeah, he told the
story. We didn't really believe his story. We judged his
credibility, we judged the officers, their credibility, and
their credibility was strong. They've been doing it for 20
years and eight years, and they do it every day. They've
got nothing to lose. Why would they come in here and
perjure themselves? You tell these people about what
happened and they go, excellent. Well, you had a great
experience in Harris County, so what do you do? What are
you going to say to them? We found them not guilty? 
What do you think the person on the other side of the line
or the person sitting next to you on the couch.


Appellant objected to the argument, asserting that asking a jury to base its verdict
upon someone else's expectations is improper. The trial court overruled the
objection, and the State never again mentioned community expectations in its closing.

 When a prosecuting attorney's argument is designed to induce the jury to
convict the defendant because the community demands or expects such a result, the
argument is improper. Cortez v. State, 683 S.W.2d 419, 420 (Tex. Crim. App. 1984). 
However, prosecuting attorneys may present pleas for law enforcement by reminding
jurors that they may be called upon by friends and family to explain both the case and
the verdict. See Bell v. State, 724 S.W.2d 780, 801 (Tex. Crim. App. 1986);
Whittington v. State, 580 S.W.2d 845, 847 (Tex. Crim. App. 1979). In Whittington,
the prosecutor argued:

. . . . They (friends and family) are going to ask you what
happened and you are going to tell them, well, I sat on a
trial where a man was accused of putting stitches in the
back of an officer's head and five in the other officer and
stabbing four other officers and your neighbor might ask
what did you do........now, you-and as you think about that,
think about it right now. Because I think you will want to
give them an answer you can be proud of, that your friends
and neighbors can be proud of.


Id.

 The State's argument is very similar to the arguments upheld in Bell and
Whittington. The State made a permissible plea for law enforcement by reminding
jurors that they might be asked by friends and family to defend their verdict. Because
this is a proper form of argument, the trial court did not err in overruling appellant's
objection.


 "Anyone heard about the incident this morning with the Greyhound bus. 
The driver got his throat slashed." 



 Appellant next complains of the following State's argument made at the
punishment stage of trial:

Look, he had it. We know he had it. He even told the
officer it was his. So what if he cuts hair? Do we want
people walking around in our jails with blades, with a thing
that could slash someone's throat? I don't know if anyone
heard about the incident this morning with the Greyhound
bus. The driver got his throat slashed. 


Appellant objected on the basis of no relevance, and the trial court sustained the
objection. The trial court further instructed the jury to disregard the improper
argument, but denied appellant's request for mistrial.

 During the punishment stage of trial, two inmates from the Harris County Jail
testified that appellant was flashing a weapon on the night of his arrest. They
described the weapon as a toothbrush with a razor blade taped at the end. While
attempting to emphasize this during closing, the State referred to an incident that
occurred on a Greyhound bus in which the driver's throat was cut. The State
concedes that the Greyhound incident was a separate event outside the record and,
therefore, an improper argument.

 Mistrials should be granted only when an objectionable event is so emotionally
inflammatory that curative instructions are not likely to prevent the jury from being 
unfairly prejudiced against the defendant. See Bauder v. State, 921 S.W.2d 696, 698
(Tex. Crim. App. 1996). Furthermore, because curative instructions are presumed
efficacious to withdraw objectionable arguments or evidence from jury consideration,
trial conditions must be extreme before a mistrial is warranted. See id.; Waldo v.
State, 746 S.W.2d 750, 754 (Tex. Crim. App. 1988). In determining the efficacy of
curative instructions, we may consider several factors including the following: (1)
the nature of the error; (2) the persistence of the prosecution in committing the error;
(3) the flagrancy of the violation; (4) the particular instruction given; (5) the weight
of incriminating evidence; and (6) the harm to the accused as measured by severity
of the sentence. See Waldo, 746 S.W.2d at 754.

 Applying the factors to this case, the following may be deduced from the
record: (1) although the State's argument may be considered "flagrantly" outside the
record, the State referred to this incident only once; (2) the trial court immediately
sustained appellant's objection and stated to the jury, "Members of the jury, please
disregard the last remark by the prosecutor;" (3) the State presented ample testimony
from Houston police officers sufficient to convict appellant; (4) appellant offered
only his own self-serving testimony in his defense; (5) the State offered evidence of
appellant's nine prior convictions during the punishment stage; (6) appellant did not
offer any evidence during the punishment stage; (7) the jury had the option of
sentencing defendant within a two to 10 year period of confinement; and (8) the jury
sentenced appellant to six years confinement. 

 After weighing these factors, we cannot say trial conditions had become so
extreme as to warrant a mistrial. Thus, we hold that the trial court did not abuse its
discretion in denying appellant's request for a mistrial.


 "He threaten[ed] everybody in the jail."


 Appellant finally complains of the following State's argument made at the
punishment stage of trial:

You heard what they said about him. He is a little bit
crazy. He does some crazy stuff. He carries a weapon
around. He threaten[ed] everybody in the jail. 


Appellant objected to the argument, stating he didn't think any of the inmates said the
word "threatening," or that only one inmate did. The trial court overruled the
objection.

 Reginald McDuell, an inmate at the Harris County Jail who was present the
night appellant was arrested, testified as follows: (1) appellant threatened him; (2)
appellant shouted out to everyone in the cell block that "they didn't know who they
was messing with"; (3) appellant was brandishing a weapon; (4) appellant got into
several altercations with inmates; (5) appellant was acting crazy; (6) appellant
"spooked" the guys in jail; and (7) the deputy was called in to confiscate appellant's
weapon. 

 From these facts, the State's argument that appellant threatened everyone in the
jail was either a summation of the evidence presented or a reasonable deduction
therefrom. The trial court did not err in overruling appellant's objection.

 We overrule appellant's sole point of error.






Conclusion

 We affirm the judgment of the trial court.



 

 
 Elsa Alcala


 Justice


Panel consists of Justices Taft, Alcala, and Price. (1)


Do not publish. Tex. R. App. P. 47.4.


1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.