NUMBER 13-03-319-CR
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
GUADALUPE SALDIVAR,                                                           Appellant,
v.
THE STATE OF TEXAS,                                                                Appellee.



On appeal from the 370th District Court
of Hidalgo County, Texas.




M E M O R A N D U M O P I N I O N

Before Chief Justice Valdez and Justices Hinojosa and Castillo

 Opinion by Chief Justice Valdez
            After a jury trial, appellant, Guadalupe Saldivar, was convicted of indecency with a
child and aggravated sexual assault. The jury assessed punishment at twenty years
confinement for the count of indecency with a child and forty-three years confinement for
the count of aggravated sexual assault. Appellant raises the following four issues on
appeal


: (1) the trial court erred in admitting hearsay testimony from a counselor who failed
to qualify as an expert witness; (2) the State engaged in improper arguments at both the
guilt/innocence and punishment phase of the trial; (3) the trial court erred in denying
appellant’s motion for directed verdict; and (4) the evidence was factually insufficient to
support a guilty verdict. We affirm.
I. Factual and Procedural Background
          As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite the facts here except as necessary to advise the parties of the Court’s decision
and the basic reasons for it. See Tex. R. App. P. 47.4.
II. Analysis
A. Improper Argument
          In his second issue, appellant contends the State engaged in improper argument
at both the guilt/innocence and punishment phase of the trial. Specifically, appellant
asserts the State’s arguments: (1) improperly invited an inference that appellant must be
guilty of the present crime because he is a convicted felon; (2) improperly called for
appellant to be given a life sentence; (3) overstepped the boundaries of permissible plea
for law enforcement and asserted a community expectation; and (4) in total, irreparably
harmed appellant and thus merits a remand. 
Preservation of Error
          To preserve the present issue for appellate review, appellant must have made a
timely objection to the alleged improper jury argument and pursued it to an adverse ruling. 
See Tex. R. App. P. 33.1(a)(1); King v. State, 953 S.W.2d 266, 268 (Tex. Crim. App. 1997). 
The record reflects that appellant failed to object to the State’s comments, in the
guilt/innocence and punishment phase of the trial, regarding his prior felony conviction and
the alleged request that he be given a life sentence. Appellant forfeits our review of those
issues. In regard to the alleged impermissible plea for law enforcement, appellant properly
preserved this argument. 
Standard of Review
          An assertion of improper jury argument requires us to review the record in its
entirety to determine whether any erroneous statements were made, and if so, whether
they were so prejudicial as to deprive appellant of a fair and impartial trial. Willis v. State,
785 S.W.2d 378, 385 (Tex. Crim. App. 1989). There are four permissible areas of jury
argument: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3)
answer to argument of opposing counsel; and (4) plea for law enforcement. Wilson v.
State, 938 S.W.2d 57, 59 (Tex. Crim. App. 1996); Gaddis v. State, 753 S.W.2d 396, 398
(Tex. Crim. App. 1988). An argument which exceeds these bounds is error, but only
becomes subject to reversal if, in light of the record as a whole, the argument is extreme
or manifestly improper, violative of a mandatory statute, or injects new facts harmful to the
accused into the trial. Felder v. State, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992);
Everett v. State, 707 S.W.2d 638, 640 (Tex. Crim. App. 1986). The use of an analogy to
emphasize or explain evidence is acceptable. Broussard v. State, 910 S.W.2d 952, 959
(Tex. Crim. App. 1995). Counsel is allowed wide latitude to draw inferences from the
evidence so long as the inferences drawn are reasonable, fair, legitimate, and offered in
good faith. Gaddis, 753 S.W.2d at 398. 
Analysis
          During the State’s argument, the following exchange took place:
          Now, last week we saw the news cameras come in here. There was
a lady from the Monitor.


 I know you’ve been instructed not to watch the
news and not to read the newspapers regarding this case, but let me tell you,
the community is interested in what you’re going to do.
 
          MR. BANKER: Judge, I object.
 
          MR. SANCHEZ: Judge, I can’t ask for a plead (sic) for justice?
 
          THE COURT: Just both sides, settle down. The news media has got
nothing to do with these matters.
 
          MR. BANKER: That is a tactic to–
 
          THE COURT: The objection will be overruled. Let’s continue.
 
          After considering the argument and the record as a whole, we cannot say the
argument is extreme or manifestly improper, violative of a mandatory statute, or injects new
facts harmful to the accused into the trial. We do not construe the statements as
admonishing the jury as to what verdict the community expects. Rather, the argument
properly refers to the jury's status as representative of the community as a whole, and as
such, it is permissible as a proper plea for law enforcement. See Whittington v. State, 580
S.W.2d 845, 847 (Tex. Crim. App. 1979). Accordingly, we overrule appellant’s second
issue.
B. Motion for Directed Verdict
          In his third issue, appellant contends the trial court erred by denying his motion for
directed verdict on the basis of no evidence and/or insufficient evidence. Appellant asserts
the “facts of the instant case are disputed and contradictory to the extent that evidence was
insufficient to send the case to the jury.”
Standard of Review
          A challenge to the denial of a motion for directed verdict is actually a challenge to 
the legal sufficiency of the evidence. See Madden v. State, 799 S.W.2d 683, 686 (Tex.
Crim. App. 1990). A legal sufficiency challenge requires us to question whether, after
viewing the evidence in the light most favorable to the prosecution, any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. Jackson
v. Virginia, 443 U.S. 307, 319 (1979). In reviewing a challenge to the legal sufficiency of
the evidence, we consider only the evidence and inferences tending to support the findings
and disregard all evidence and inferences to the contrary. Love v. State, 972 S.W.2d 114,
118 (Tex. App.–Austin 1998, pet. denied). A reviewing court must not consider whether
it is persuaded by the State’s evidence; rather, the trier of fact is the sole judge of the
credibility of the witnesses and the weight of the evidence. Bonham v. State, 680 S.W.2d
815, 819 (Tex. Crim. App. 1984).
          In analyzing issues of legal sufficiency, the evidence is measured against the
elements of the offense as defined by a hypothetically correct jury charge. Malik v. State,
953 S.W.2d 234, 240 (Tex. Crim. App. 1997). “Such a charge would be one that
accurately sets out the law, is authorized by the indictment, does not unnecessarily
increase the State’s burden of proof or unnecessarily restrict the State’s theories of liability,
and adequately describes the particular offense for which the defendant was tried.” Id.           Section 22.021 of the penal code, under which appellant was convicted, states in
relevant part that a person commits the offense of aggravated sexual assault if the person
intentionally or knowingly “(iii) causes the sexual organ of a child to contact or penetrate 
the mouth, anus, or sexual organ of another person, including the actor; [or] (iv) causes the
anus of a child to contact the mouth, anus, or sexual organ of another person, including
the actor; . . . and (2) if: . . . (B) the victim is younger than 14 years of age.” Tex. Pen.
Code Ann. § 22.021(a)(1)(B)(iii), (iv), (2)(B) (Vernon Supp. 2004).


 Section 21.11 of the
penal code, under which appellant was also convicted, states in relevant part that a person
commits the offense of indecency with a child if, “with a child younger than 17 years and
not the person’s spouse, . . . the person: . . . (2) with intent to arouse or gratify the sexual
desire of any person: (A) exposes the person’s anus or any part of the person’s genitals,
knowing the child is present.” Tex. Pen. Code Ann. § 21.11(a)(2)(A) (Vernon 2003).
Analysis
          The record reflects, in summary, the following evidence in support of submitting the
case to the jury and appellant’s convictions. Rosalie Farber, an expert witness,


 testified
that E.M.


 (the child victim) demonstrated classic signs


 indicative of severe trauma, and
E.M. consistently conveyed that appellant was the perpetrator. Further, Farber testified
that upon questioning M. S., E.M.’s brother, in connection with E.M.’s treatment, M.S.
stated that he had once pulled appellant “off” E.M. Lorenza Guerrero, E.M.’s examining
nurse and expert witness, testified that E.M.’s hymen was torn, and the tears were
indicative of something, inclusive of a male sexual organ or finger, being placed in her
sexual organ. Guerrero also stated that E.M. implicated appellant as the perpetrator during
routine questioning


 for examination purposes. Finally, E.M. identified appellant as the
perpetrator in open court and testified that appellant touched her breast and “private part,”



placed his finger in her “private part” and anus, put his sexual organ in her “private part,”
forced her to take his sexual organ in her mouth, forced her to kiss him, and inserted his
tongue in her mouth. E.M. testified that appellant repeatedly touched her in this manner
asserting it happened “ten times,”


 and E.M. stated that M.S. had pulled appellant off of her
on one occasion. E.M. described appellant’s sexual organ as being “hard and not that
hard.” 
          Curiously, appellant asserts “the facts of the instant case are disputed and
contradictory to the extent that evidence was insufficient to send the case to the jury.” To
the contrary, in a jury trial, as opposed to a bench trial, the jury is the trier of fact and the
sole judge of the credibility of the witnesses and the weight of the evidence. Bonham, 680
S.W.2d at 819. When viewed in the light most favorable to submission of the case to the
jury and the verdict, we conclude that a rational trier of fact could have found the requisite
elements to support appellant’s convictions for indecency with a child and aggravated
sexual assault. Accordingly, we overrule appellant’s third issue.
C. Factual Sufficiency
          In his fourth issue, appellant asserts that the evidence is factually insufficient to
support his convictions. Specifically, appellant asserts that the State failed to carry its
burden to establish he abused his daughter as “the evidence was so contradictory as to
establish nothing.” Appellant admits medical testimony establishes a crime was committed
against E.M.; however, appellant asserts “the identity of the perpetrator was not proven
beyond a reasonable doubt.”
Standard of Review
          When reviewing the factual sufficiency of the elements of the offense on which the
State carries the burden of proof, we impartially examine all of the evidence and set aside
the verdict only if “proof of guilt is so obviously weak as to undermine confidence in the
[fact finder’s] determination, or the proof of guilt, although adequate if taken alone, is
greatly outweighed by the contrary proof.” Swearingen v. State, 101 S.W.3d 89, 97 (Tex.
Crim. App. 2003). We review the evidence weighed by the fact finder that tends to prove
the existence of a disputed elemental fact and compare it to evidence that is contrary to
the disputed fact. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). However, we
do not intrude upon the jury’s role as the sole judge of the weight and credibility given to
witness testimony. Id. Due deference must be accorded to the fact finder’s determinations
on the weight and credibility of the evidence, and we may not merely substitute our own
judgment. Swearingen, 101 S.W.3d at 97; Johnson, 23 S.W.3d at 7. As in legal
sufficiency, we measure issues of factual sufficiency against the elements of the offense
as defined by a hypothetically correct jury charge. Wheaton v. State, 129 S.W.3d 267, 272
(Tex. App.–Corpus Christi 2004, no pet.); Adi v. State, 94 S.W.3d 124, 131 (Tex.
App.–Corpus Christi 2002, pet. ref’d). 
Analysis
          Appellant directs our attention to the following evidence in support of his contention
that the evidence did not establish he was the perpetrator: (1) appellant testified that he
did not sexually abuse his daughter in any way; (2) Lisa Resendez, appellant’s sister,
testified that E.M. told her the story was not true and that E.M.’s aunts, on her mother’s
side, forced her to fabricate the story indicating she would be placed in foster care if she
did not; and (3) during cross examination of the State’s witnesses, counsel elicited
testimony to establish the possibility that E.M.’s mother was prostituting E.M. for drug
money and there was a second perpetrator.


 
          The jury was able to hear and view the testimony and evidence presented by both
the State and appellant. Although contradictory evidence was offered, it is well within the
province of the jury to judge the veracity and truthfulness of the witnesses before it and
deduce the truth. We conclude that the evidence supporting appellant’s convictions for
indecency with a child and aggravated sexual assault is not so obviously weak as to be
clearly wrong and manifestly unjust or greatly outweighed by the contrary proof. 
Accordingly, we overrule appellant’s fourth issue.
D. Expert Testimony
          In his first issue, appellant asserts the trial court erred in admitting hearsay
testimony from a counselor who failed to qualify as an expert witness. Specifically,
appellant argues that the State failed to establish Farber’s qualifications to be an expert
witness for purposes of Rule 803(4) of the rules of evidence. See Tex. R. Evid. 803(4). 
Appellant further asserts he was irreparably harmed by this error as “no other witness’s
testimony was as complete and damaging as hers and without her testimony the State
could not have prevailed.”
Standard of Review
           Erroneous admission of evidence is subject to a harm analysis under Rule 44.2(b)
of the rules of appellate procedure. See Tex. R. App. P. 44.2(b); Johnson v. State, 967
S.W.2d 410, 417 (Tex. Crim. App. 1998). A violation of the evidentiary rules that results
in the erroneous admission of evidence is non-constitutional error. See King v. State, 953
S.W.2d 266, 271 (Tex. Crim. App. 1997); Tate v. State, 988 S.W.2d 887, 890 (Tex. App.–
Austin 1999, pet. ref'd). Any non-constitutional error "that does not affect substantial rights
must be disregarded." Tex. R. App. P. 44.2(b). A substantial right is affected when the
error had a substantial and injurious effect or influence in determining the jury's verdict. 
See King, 953 S.W.2d at 271. A criminal conviction should not be overturned for non-constitutional error if the appellate court, after examining the record as a whole, has fair
assurance that the error did not influence the jury, or had but slight effect. See Johnson,
967 S.W.2d at 417. The improper admission of evidence does not constitute reversible
error if the same facts are proven by other properly admitted evidence. See Brooks v.
State, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999) (holding that any error in the admission
of hearsay testimony was harmless in light of other properly admitted evidence proving the
same fact).
Analysis
          We need not determine whether Farber qualified as an expert under rule 803(4),
because we conclude any purported error was harmless. E.M. provided independent
testimony, which alone could have been sufficient to support appellant’s convictions for
indecency with a child and aggravated sexual assault. See Tex. Code Crim. Proc. Ann.
art. 38.07 (Vernon Supp. 2004); Perez v. State, 113 S.W.3d 819, 838 (Tex. App.–Austin
2003, pet. ref’d). Guerrero’s testimony corroborated E.M.’s and provided an expert opinion
that E.M.’s sexual organ showed signs of penetration. Further, the bulk of Farber’s
testimony did not address appellant’s guilt; rather, it addressed the classic effects of sexual
trauma in general and the symptoms E.M. demonstrated. Thus, properly admitted
independent testimony established all harmful facts asserted by Farber. The admission
of Farber’s alleged hearsay testimony did not have a substantial and injurious effect or
influence in determining the jury’s verdict. Accordingly, we overrule appellant’s first issue.
 
 
 
 
III. Conclusion 
We affirm the judgment of the trial court. 
     
                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice

 
Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed
this 10th day of November, 2004.