**Neil Gregory TRAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 63635.**

Court of Criminal Appeals of Texas, Panel No. 3.

Sept. 15, 1982.

C. R. Kit Bramblett, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., and Stuart Leeds, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, DALLY and McCORMICK, JJ.

## OPINION

McCORMICK, Judge.

Appellant was convicted of possession of over four ounces of marihuana and punishment was assessed at seven years and a $1000 fine. Appellant challenges the sufficiency of the evidence.

The record reflects that on 26 July 1977 appellant and Cynthia Sue Robertson stopped at the border checkpoint at Sierra Blanca. Appellant was a passenger in the automobile which was owned and driven by Robertson. At the checkpoint Agent Peterson of the Immigration and Naturalization Service asked the driver to open the trunk of the car so it could be examined. The appellant obtained the keys and opened the trunk. In plain view in an open paper sack was a "brick" of marihuana. No fingerprints were found on the sack in which the marihuana was found. Women's clothing was found in the sack with the marihuana.

█ Except for testimony by Agent Peterson that appellant was "nervous" as he opened the trunk, there is no testimony which affirmatively links appellant with the contraband. The evidence shows only a probability or strong suspicion of appellant's guilt. To establish unlawful possession of a controlled substance the State must prove two elements: (1) that the accused exercised care, custody, control or management over the contraband, and (2) that the accused knew the matter possessed was contraband. *DeShong v. State,* 625 S.W.2d 327 (Tex.Cr.App.1981); *Rhyne v. State,* 620 S.W.2d 599 (Tex.Cr.App.1981); *Sinor v. State,* 612 S.W.2d 591 (Tex.Cr.App. 1981); *Dubry v. State,* 582 S.W.2d 841 (Tex. Cr.App.1979).

█ Possession of the contraband need not be exclusive and evidence which shows the accused jointly possessed the contraband with another is sufficient. *Sinor v. State,* supra; *Dubry v. State,* supra. However, a finding of joint possession cannot be justified solely by proof of mere presence of the accused at a place when contraband is being used or possessed. *Dubry v. State,* supra.

█ Whether the theory of prosecution is sole or joint prosecution, the evidence must affirmatively link the accused to the contraband in such a manner and to such an extent that a reasonable inference may arise that the accused knew of the contraband's existence and that he exercised control over it. *Sinor v. State,* supra; *Dubry v. State,* supra. This affirmative link is established by showing additional facts and circumstances which indicate the accused's knowledge and control of the contraband. *DeShong v. State,* supra; *Sinor v. State,* supra; *Dubry v. State,* supra.

█ The evidence in this case merely establishes that appellant was a passenger in a car driven and owned by Robertson. Beyond that, there is nothing in the record to affirmatively link appellant to the marihuana. We find the evidence is insufficient to sustain appellant's conviction.

We therefore sustain appellant's first ground of error that the evidence is insufficient to establish guilt. In view of our finding that the evidence is insufficient, the judgment is reversed and reformed to reflect an acquittal. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).