TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00286-CR






Leroy Milligan, Jr., Appellant



v.



The State of Texas, Appellee







NO. 03-97-00287-CR






Homer Sutton, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT


NOS. 8646 & 8647, HONORABLE H. R. TOWSLEE, JUDGE PRESIDING







The district court found appellants Leroy Milligan, Jr., and Homer Sutton guilty of
possessing more than four but less than two hundred grams of cocaine. See Tex. Health & Safety Code
Ann. § 481.115(a), (d) (West Supp. 1998). The court assessed Milligan's punishment at imprisonment
for ten years (with an indication that shock probation would be granted) and Sutton's punishment at
imprisonment for ten years and a $2500 fine (with a referral to boot camp). Appellants contend the
incriminating evidence was unlawfully seized and that the evidence is legally insufficient to sustain their
convictions. We will affirm.

Around midnight on September 17, 1996, Elgin police officers Christopher Michael
Kasprzyk and Jason Lindsey were on patrol when they saw a pickup truck parked in front of an empty
commercial building. The officers could see three persons, later identified as Milligan, Sutton, and Reginald
Houston, in or near the truck. The officers considered it suspicious that the men were in this location at that
time of night, so they stopped to investigate.

Sutton was standing beside the open passenger door of the pickup when first seen by the
officers. Houston was seated behind the steering wheel, but got out and walked to the rear of the truck
when the officers arrived. Milligan was and remained seated in the passenger seat of the vehicle. Kasprzyk
spoke to Houston and Sutton, then asked Milligan to step out of the truck. The men appeared nervous and
gave conflicting answers when asked what they were doing. An open twelve-pack of beer and several
empty beer cans were in the bed of the truck, which the officers considered significant because Sutton was
nineteen years old and the other men appeared youthful.

By now, a third officer, George Anthony Nassour, had arrived. Leaving Lindsey and
Nassour to watch the three men, Kasprzyk shined his flashlight through a window into the cab of the truck
and saw what he believed, based on his training and experience, were the remains of several marihuana
cigarettes in the open ashtray. Kasprzyk announced his discovery and told the other officers to arrest the
three men. Kasprzyk then opened the door of the pickup and began to search the interior. He smelled a
slight odor of burned marihuana. He found several unsmoked marihuana cigarettes in the ashtray and,
under the passenger seat, a plastic bag containing a white powder substance, a compact disc case with
white powder on it, and a razor blade. Laboratory tests showed that the plastic bag contained 16.78 grams
of cocaine. The powder on the compact disc case field tested positive for cocaine, but was not further
analyzed.

Meanwhile, Lindsey and Nassour handcuffed the three men and seated them on the open
tailgate of the pickup truck. As he watched the men, Lindsey saw Sutton "moving a small matchbox." 
Lindsey seized the box and handed it to Nassour, who looked inside and saw a white powdery residue. 
Nassour then "looked around and where Mr. Sutton was sitting . . . saw some off-colored--what would
be crack cocaine off-colored white rocks, five of them sitting right by where his back pocket would be .
. . ." Later analysis showed these five rocks to be 0.21 gram of crack cocaine.

The truck was impounded and thoroughly searched at the police station. The officers found
two plastic bags in the console between the seats, one containing marihuana and the other containing twenty
rocks of crack cocaine weighing 4.03 grams. Another bag of marihuana was found above the window
visor on the driver's side, together with a bag of white powder that proved to be 0.19 gram of cocaine. 
The officers also found plastic bags of the sort used to package narcotics and cigarette rolling papers in an
unspecified location. Behind the seat, they found a glass plate with what appeared to be marihuana and
cocaine residue. Houston was carrying $907 in cash.

Appellants did not file a motion to suppress, but objected to the admission of the cocaine
during their bench trial. In their first points of error, they contend the cocaine should not have been
admitted in evidence because they were detained by the police without reasonable suspicion, the officers
did not have probable cause to search the pickup truck, and the seizure of the cocaine was tainted by their
unlawful detention and arrest. These are mixed questions of law and fact that we will review de novo. See
Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

Officers Kasprzyk and Lindsey did not need probable cause or even reasonable suspicion
to believe that criminal activity was afoot to approach and question Houston, Sutton, and Milligan in a
public place. Florida v. Royer, 460 U.S. 491, 497-98 (1983). Such an encounter between a police
officer and a citizen is not a seizure of the citizen within the meaning of the Texas and United States
constitutions. Johnson v. State, 912 S.W.2d 227, 235 (Tex. Crim. App. 1995). Milligan was seized,
however, when he complied with Kasprzyk's instruction to get out of the pickup. California v. Hodari
D., 499 U.S. 621, 625-26 (1991); Johnson, 912 S.W.2d at 234-35 ("seizure" occurs when person yields
to officer's show of authority). This seizure did not rise to the level of an arrest. A person is arrested when
he is actually placed under restraint or taken into custody. Tex. Code Crim. Proc. Ann. art. 15.22 (West
1977). The mere order to get out of the truck, without more, did not place Milligan under actual restraint
or custody.

While not arrested, Milligan was detained by the officer when he was ordered out of the
truck. Johnson v. State, 658 S.W.2d 623, 626 (Tex. Crim. App. 1983); Giossi v. State, 831 S.W.2d
887, 889 (Tex. App.--Austin 1992, pet. ref'd). We will assume that, at this point in the sequence of
events, Sutton and Houston were also detained. But see Hunter v. State, 955 S.W.2d 102, 106 (Tex.
Crim. App. 1997) (request for identification does not alone make encounter a detention; officer must
convey message that compliance required). An officer who does not have probable cause to arrest may
briefly detain a person for investigation if the officer has a reasonable suspicion supported by specific
articulable facts that criminal activity has been or soon will be occurring. Terry v. Ohio, 392 U.S. 1, 29
(1968). Reasonable suspicion requires that there be something out of the ordinary occurring and some
indication that the unusual activity is related to crime. Davis v. State, 947 S.W.2d 240, 244 (Tex. Crim.
App. 1997). The suspect's conduct need not, however, be unlawful or in some sense inconsistent with
innocence. The relevant inquiry is not whether particular conduct is innocent or criminal, but the degree
of suspicion that attaches to the conduct in light of the totality of the circumstances. Woods v. State, 956
S.W.2d 33, 38 (Tex. Crim. App. 1997).

Appellants argue that the facts here are similar to those in Johnson, 658 S.W.2d 623. In
that case, a police officer observed the defendant's truck parked at 5:00 a.m. in the parking lot of a closed
restaurant. The bed of the truck was loaded with furniture. The officer stopped and approached the truck,
ordered the defendant out, and asked for identification. The court held that the facts known to the officer
did not justify this detention, and that evidence seized during an ensuing search were inadmissible. Id. at
627.

While the facts before us are similar to those in Johnson, they are not identical. In
Johnson, the officer observed no suspicious behavior or circumstances before detaining the defendant. 
In these causes, Milligan, Sutton, and Houston were detained after the officers saw the beer and empty
beer cans, and learned that Sutton was a minor. Thus, the officers had reason to suspect that the offenses
of underage drinking, providing alcohol to a minor, or both were being committed. Appellants urge that
the officers' stated concern about underage drinking was merely a pretext, but do not dispute the facts that
support the officers' testimony. We also note that the Johnson court used the "as consistent with innocent
activity as with criminal activity" test for reasonable suspicion that was disapproved in Woods, 956 S.W.2d
at 38. Johnson, 658 S.W.2d at 627.

Sutton, Milligan, and Houston were first seen outside an empty building late at night. The
officers did not see the suspects drinking, but beer was openly visible in the bed of the pickup and Sutton
was under the legal drinking age. The men were nervous and gave conflicting accounts of their activities. 
Considering the totality of the circumstances, we conclude that the officers had a reasonable basis for
detaining the men for further investigation.

In addition, Kasprzyk's action in shining his flashlight to illuminate the interior of the pickup
"trenched upon no right secured . . . by the Fourth Amendment." Texas v. Brown, 460 U.S. 730, 739-40
(1983). The use of artificial means to illuminate a darkened area does not constitute a search and thus
triggers no Fourth Amendment protection. Id. at 740. Likewise, there is no legitimate expectation of
privacy shielding that portion of the interior of an automobile which may be viewed from outside the vehicle
by either inquisitive passers by or diligent police officers. Id. Therefore, when Kasprzyk saw what he
immediately perceived to be marihuana in the open ashtray, he could lawfully seize it without a warrant. 
Id. at 741-42. Further, the discovery of the marihuana in plain view gave the officers probable cause to
believe the truck contained contraband and thus the constitutional authority to search the interior of the
pickup without a warrant. See Chambers v. Maroney, 399 U.S. 42, 52 (1970); Miller v. State, 815
S.W.2d 805, 809 (Tex. App.--Austin 1991, pet. ref'd). The discovery of the marihuana also gave the
officers probable cause to arrest Milligan, Sutton, and Houston without a warrant. See Tex. Code Crim.
Proc. Ann. art. 14.01(b) (West 1977). The search of the interior of the pickup was also authorized as an
incident to the arrests. See New York v. Belton, 453 U.S. 454, 460 (1981); Osban v. State, 726 S.W.2d
107, 111 (Tex. Crim. App. 1986).

Finally, we note that neither Sutton nor Milligan has standing to contest the search of the
pickup's interior. The right to complain of an unlawful search and seizure is personal to the wronged or
injured party, and may not be asserted by third parties. Rakas v. Illinois, 439 U.S. 128, 133-34 (1978);
Fuller v. State, 829 S.W.2d 191, 202 (Tex. Crim. App. 1992). As part of their Fourth Amendment
claim, appellants had the burden of showing that they had a personal privacy interest in the places where
the cocaine was found. Rakas at 140; State v. Klima, 934 S.W.2d 109, 111 (Tex. Crim. App. 1996). 
The evidence shows only that Milligan was sitting in the truck when the officers arrived, and that Sutton was
standing beside it. There is no evidence that either appellant had a possessory interest in the truck. 
Appellants have not shown that they had a legitimate expectation of privacy in those portions of the
pickup's interior (the console, above the visor, below the seat) where the challenged cocaine was found. 
See Rakas, 439 U.S. at 148-49; Meeks v. State, 692 S.W.2d 504, 510 (Tex. Crim. App. 1985).

For the reasons stated, we hold that the discovery and seizure of the cocaine was not the
product of an unlawful detention, arrest, or search. Appellants' first points of error are overruled.

Appellants next contend the evidence is legally insufficient to sustain their convictions. In
determining the legal sufficiency of the evidence to support a criminal conviction, the question is whether,
after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
307 (1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d
155 (Tex. Crim. App. 1981).

To prove unlawful possession of a controlled substance, the State must prove (1) that the
accused exercised care, control, custody, or management over the substance and (2) that the accused
knew the substance possessed was contraband. See Martin v. State, 753 S.W.2d 384, 387 (Tex. Crim.
App. 1988); Tex. Health & Safety Code Ann. § 481.002(38) (West 1992) (defining "possession"); Tex.
Penal Code Ann. § 6.03(b) (West 1994) (defining "knowingly"). Possession of a controlled substance
need not be exclusive, and evidence that the accused jointly possessed the substance with another is
sufficient. McGoldrick v. State, 682 S.W.2d 573, 578 (Tex. Crim. App. 1985); Oaks v. State, 642
S.W.2d 174, 176 (Tex. Crim. App. 1982). Whether the theory of prosecution is sole or joint possession,
the evidence must affirmatively link the accused to the contraband in such a manner and to such an extent
that a reasonable inference may arise that the accused knew of the contraband's existence and that he
exercised control over it. Travis v. State, 638 S.W.2d 502, 503 (Tex. Crim. App. 1982); see Brown
v. State, 911 S.W.2d 744, 748 (Tex. Crim. App. 1995) ("affirmative links" doctrine remains viable, but
does not incorporate "outstanding reasonable hypothesis" construct); Martinets v. State, 884 S.W.2d
185, 188 (Tex. App.--Austin 1994, no pet.) (affirmative links analysis is appropriate means of applying
Jackson rationality standard of review). If the accused is not in exclusive possession of the place where
the contraband is found, it cannot be concluded that he had knowledge of or control over the contraband
unless there are additional independent facts or circumstances that affirmatively link him to the contraband. 
Cude v. State, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986). The mere presence of the accused at a place
where contraband is located does not make him a party to joint possession, even if he knows of the
contraband's existence. Oaks, 642 S.W.2d at 177; Travis, 638 S.W.2d at 503.

When first seen by the officers, Milligan was seated in the truck's passenger seat. A plastic
bag containing over sixteen grams of cocaine was below the passenger seat, within Milligan's easy reach. 
Twenty rocks of crack cocaine weighing over four grams were in the console between the seats, also within
his easy reach. Although Milligan did not appear to be intoxicated, marihuana cigarettes, both smoked and
unsmoked, were plainly visible in the ashtray and the odor of burned marihuana was detectable. Sutton,
who was shown to be in personal possession of five rocks of crack cocaine, was standing beside Milligan. 
All three men appeared nervous and could not satisfactorily explain what they were doing. Although a
close question is presented, we conclude that the State proved more than Milligan's mere presence, and
that the evidence supports a finding beyond a reasonable doubt that Milligan jointly possessed more than
four grams of cocaine. Milligan's second point of error is overruled.

The evidence regarding Sutton's handling of the matchbox and the discovery of the five
rocks of crack cocaine where he was sitting is clearly sufficient to support a reasonable inference that he
knowingly possessed the crack cocaine found on the tailgate of the pickup. Although Sutton was not
shown to have been inside the truck, his close proximity to it and his possession of crack cocaine is
evidence tending to link him to the cocaine inside the truck. Like Milligan and Houston, Sutton was
nervous and unable to explain his activities, and there was evidence of marihuana use. We again find that
the evidence, while far from overwhelming, is legally sufficient to affirmatively link Sutton to the cocaine
inside the truck and therefore to support his conviction for joint possession of more than four grams of
cocaine. Sutton's second point of error is overruled.

The judgments of conviction are affirmed.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed on Both Causes

Filed: May 14, 1998

Do Not Publish



P>To prove unlawful possession of a controlled substance, the State must prove (1) that the
accused exercised care, control, custody, or management over the substance and (2) that the accused
knew the substance possessed was contraband. See Martin v. State, 753 S.W.2d 384, 387 (Tex. Crim.
App. 1988); Tex. Health & S