COURT OF APPEALS









 

 

 

 

 

 

COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 

 


 
 
  
 KEMRICK
 JOHNSON,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                             Appellee.
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
    
  ' 
  
 
 
  
  
                 No. 08-01-00423-CR
  
 Appeal from
  
 363rd District Court
  
 of Dallas County, Texas 
  
 (TC# F-0151999-UW)
  
 
 


 

O P I N I O N

 

Kemrick Johnson appeals his jury conviction
of unlawful possession, with intent to deliver cocaine.  He was sentenced by the court to ten (10)
years= imprisonment and fined $1200.  Johnson argues two issues, legal and factual
insufficiency.  We will affirm.

I








At a little after 8
p.m., April 28,
2000, uniformed Dallas Police Officers noted, from 50 yards away, suspicious
activity near Avenue B and 11th Street in Dallas.  The area was said to be a high crime area
known for drugs.  Suspicious, the
officers approached a vehicle stopped in the middle of the street with its
parking lights on.  They turned off their
driving lights and pulled behind the car in the middle of the street and it
left.  Officers then turned on their
bright lights and spot lights.  The vehicle
in the middle of the street left and Johnson moved from the driver=s side of the stopped vehicle to the
curbed parked vehicle.  Johnson seemed
somewhat excited.  The officers observed
Johnson cupping something yellow in his right hand.  According to police testimony, Johnson then
bent down next to the parked car then came back up, but his hand was
empty.  Officer Ortiz approached Johnson,
grabbed both of his hands, but found nothing. 
One of the officers reached down and found a clear plastic baggie that
contained 41 smaller yellow baggies of rock cocaine.  Both the field test and lab tests indicated
the presence of cocaine.  The seized cocaine,
including adulterants was determined to be 4.39 grams.  After his arrest, police found $188 in small
denominations on Johnson.   Expert
testimony indicated that possession of the amount of cocaine and cash in a high
crime and drug trafficking area indicated an intent to
sell as opposed to personal consumption. Defense witnesses contradicted much of
the police testimony and will be reviewed in our  sufficiency analysis.

II








When we review the legal sufficiency
of the evidence, we review the proof in the light most favorable to the
prosecution to determine whether any rational trier
of fact could have found the essential elements of the offense beyond a
reasonable doubt.  Jackson
v. Virginia, 443 U.S.307, 318-19, 99 S.Ct. 2781,
61 L.Ed.2d 560 (1979).  This
standard applies in both direct and circumstantial evidence cases.  Turner v. State 805 S.W.2d 423, 427
(Tex. Crim. App. 1991), cert denied 502 U.S. 870, 112
S.Ct. 202, 116 L.Ed.2d 162, (1991).  The legal sufficiency of the evidence is
measured by the elements of the offense as defined by the hypothetically
correct jury charge that is authorized by the indictment.  Malik v. State, 953 S.W.2d 234, 239 (Tex. Crim.
App. 1997).

In determining the factual
sufficiency of the elements of an offense, the reviewing court "views all
the evidence in a neutral light, and sets aside the verdict only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust."  Johnson v. State,
23 S.W.3d 1, 7 (Tex. Crim. App. 2000) (citing Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). 
The court reviews the evidence weighed by the jury that tends to prove
the existence of the elemental fact in dispute and compares it with the
evidence that tends to disprove that fact.  Id. 
We are authorized to disagree with the fact finder's determination.  Id. (citing Clewis 922 S.W.2d at 133). 
This review, however, must employ appropriate deference to prevent an
appellate court from substituting its judgment for that of the fact finder, and
any evaluation should not substantially intrude upon the fact finder's role as
the sole judge of the weight and credibility given to witness testimony.  Jones v. State, 944
S.W.2d 642, 648 (Tex. Crim. App. 1996).  The complete and correct standard a reviewing
court must follow to conduct a Clewis factual
sufficiency review of the elements of a criminal offense, asks whether a
neutral review of all the evidence, both for and against the finding,
demonstrates that the proof of guilt is so obviously weak as to undermine
confidence in the jury's determination, or the proof of guilt, although
adequate if taken alone, is greatly outweighed by contrary proof.  Johnson, 23 S.W.3d
at 11. 

A conviction was authorized under the
evidence if the jury found beyond a reasonable doubt that Johnson intentionally
or knowingly possessed cocaine with an intent to
deliver, in an amount of four grams or more. 
See Howard v. State, 972 S.W.2d 121, 124
(Tex. App.--Austin 1998, no pet.). 
"[A] person commits an offense if the person knowingly or
intentionally manufactures, delivers, or possesses with intent to manufacture
or deliver a controlled substance . . . if the amount of the controlled
substance to which the offense applies is, by aggregate weight, including
adulterants or dilutants, four grams or more but less
than 200 grams."  Tex. Health &
Safety Code Ann. ' 481.112(a)(d) (Vernon 2001).  As correctly argued by Johnson, to sustain a
conviction for possession, the State must affirmatively link the accused to the
contraband.  Travis
v. State, 638 S.W.2d 502, 503 (Tex. Crim. App.
1982).  An affirmative link is
established by showing facts and circumstances that indicate the accused's knowledge and control of the contraband.  Id.

III








In essence Johnson argues he was not
found in exclusive possession, custody or control of the contraband and no
additional facts affirmatively link him to the drugs.  Defense witnesses testified that, contrary to
police testimony, others besides Johnson were at the scene.  Barbara Garrett encountered police and had
them release her daughter, who had been handcuffed.  Others were standing about and saw the police
handcuff several people, including Appellant=s brother Robert.  Johnson=s father saw the police handcuff
three people, then officers shined lights under the car and said Aoh, there it is.@ 
According to his father, the police said Athis is yorn@ and Johnson replied:  AYou ain=t putting this here on me.@ 
A friend and visitor to the Johnson home,
testified he saw police retrieve drugs along the passenger side of the parked
car where Johnson=s brother Robert stood. 
He also testified he had seen the drugs in the same outer wrapper in
Robert=s possession earlier but that the
smaller baggies were red, not yellow.  He
noted police kicked, pushed, and slammed Johnson on the hood of the car when he
struggled against being handcuffed.

The evidence clearly establishes the
presence of over 4 grams of a controlled substance, at the scene.  Police testimony placed a yellow object in
Johnson=s cupped hand and then, upon the
police approach, Johnson bent down placing the object near the parked
vehicle.  Police immediately apprehended
Johnson, recovered the yellow object where, by inference, Johnson placed the
contraband.  The contraband was
determined to contain over 4 grams of crack cocaine.  Circumstantially, Johnson acted suspiciously
when he departed the car in the middle of the street, went around the curbed
parked car with the yellow object in his right hand, bent over, and came up
empty handed.  Johnson was said to be
somewhat excited.  Johnson was further
circumstantially and inferentially linked by his proximity to the drugs, his
handling of the drugs, his placement of the drugs, and his possession of $188
cash in a known drug trafficking area. 
Viewing the evidence in the light most favorable to the verdict, a
rational trier of fact could have found beyond a
reasonable doubt that Johnson exercised care, control and management over the
contraband and that he knew the substance was contraband.  The totality of the facts and circumstances
are sufficient to affirmatively link Johnson to the contraband and
circumstantially indicate his intent to deliver.  We thus conclude the evidence is legally
sufficient.  See Jackson 443
U.S. at 318-19.  Appellant=s first issue is overruled.








  IV








Johnson argues he did not have
exclusive possession of a controlled substance, that
nothing was found on his person including drug paraphanelia,
the drugs were on a public street, and $188 is insufficient to deal in
drugs.  Robert was near where the drugs were
found not Johnson.  Further Johnson was
not under the influence of drugs, denied having possession, did not attempt to
flee, nor was he acting suspiciously. 
However, the State points out that Johnson went to the front of the
curbed parked vehicle when he bent down and rid himself of the yellow
object.  The yellow baggies of cocaine
were found under the front corner of the car=s bumper. Although Johnson=s brother may have been closer to the
contraband when found, the brother was not seen with the yellow object nor was
he seen stooping near the front of the automobile.  Still against the prosecution=s=s evidence of guilt, the defense
produced witnesses who placed multiple people at the scene.  The car originally in the middle of the
street was Johnson=s father=s car, who lived nearby.  Some evidence indicated the drugs belonged to
Johnson=s brother Robert, but the baggies
seized were a different color than Robert was said to have.  The $188 cash can also be a circumstance of
guilt.  See Gabriel v. State 842
S.W.2d 328, 331 (Tex. App.--Dallas 1992, aff=d 900 S.W.2d 721 (Tex. Crim.
App. 1995) (possession of $80 can be among other circumstances of guilt of
possession of contraband).  Id.  From the perspective of a cold record,
the defense certainly raises strong arguments and inferences favoring
Johnson.  However, all the defense
witnesses were relatives or friends of Appellant.    

In a case of conflicting testimony
between the officers and the family and friends of Johnson, the jury should
follow its solemn oath to base its verdict solely on the evidence leaving
aside, sympathy, bias and prejudice.  We
are enjoined to employ appropriate deference to prevent an appellate court from
substituting its judgment for that of the fact finder, and any evaluation
should not substantially intrude upon the fact finder's role as the sole judge
of the weight and credibility given to witness testimony.  Jones 944 S.W.2d at
648.  It is neither our obligation
nor our prerogative to interfere with the fact finders= sacred duty or to substitute our
findings for the that of the jury.  Given the laws= deference to the jury, particularly
in considering credibility, we cannot say the evidence is factually
insufficient.  Appellant=s second issue is overruled.  

The judgment of the trial court is
affirmed.

November 26, 2002

DON WITTIG, Justice

 

Before Panel No. 5

Barajas, C.J., Larsen, and Wittig, JJ.

(Wittig,
J., sitting by assignment)

 

(Do Not Publish)