NO. _____

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

_____

**KRISTOPHER DONALD MIXON**

Petitioner

v.

**THE STATE OF TEXAS**

Petition in Cause No. 23,963-C from the
251st Judicial District Court of Randall County, Texas and
Case No. 07-15-00094-CR in the Court of Appeals for the Seventh
Supreme Judicial District of Texas

_____

**PETITION FOR DISCRETIONARY REVIEW**

JAMES B. JOHNSTON
EASTERWOOD, BOYD & SIMMONS, PC
P. O. Box 273
Hereford, Texas 79045
(806) 364-6801
(806) 364-2526 – telefax
Email: bryan@ebs-law.net
State Bar No: 10838200
ATTORNEY FOR PETITIONER,
KRISTOPHER DONALD MIXON

RECEIVED IN
COURT OF CRIMINAL APPEALS

December 11, 2015

ABEL ACOSTA, CLERK

1

# NAME OF ALL PARTIES TO THE
# TRIAL COURT'S FINAL JUDGMENT

Below is a complete list of the identity of the judge and all parties to the trial court's judgment, and all trial and appellate counsel:

1.      Hon. Ana Estevez, Trial Court Judge
        251st Judicial District Court – Randall County
        2309 Russell Long Blvd.
        Canyon, Texas 79015

2.      Petitioner, KRISTOPHER DONALD MIXON
        7407 Dreyfuss
        Amarillo, Texas 79121

3.      Petitioner's Trial Counsel
        Lynda Smith
        Attorney at Law
        3611 Soncy Road, Suite 4C
        Amarillo, Texas 79119

4.      Petitioner's Appellate Counsel
        James B. Johnston
        EASTERWOOD, BOYD & SIMMONS, PC
        P.O. Box 273
        Hereford, Texas 79045

5.      Trial Counsel for the State of Texas
        Charles D. Blount
        Randall County District Attorney's Office
        2309 Russell Long Blvd., Ste. 120
        Canyon, Texas 79015

6. Appellate Counsel for the State of Texas
   Warren L. Clark
   Randall County District Attorney's Office
   2309 Russell Long Blvd., Ste. 120
   Canyon, Texas 79015

# TABLE OF CONTENTS

IDENTITY OF JUDGE, PARTIES AND COUNSEL ............................................. 2
TABLE OF CONTENTS ............................................................................... 4
INDEX OF AUTHORITIES ........................................................................... 5
STATEMENT REGARDING ORAL ARGUMENT ............................................. 7
STATEMENT OF THE CASE ........................................................................ 8
STATEMENT OF PROCEDURAL HISTORY ................................................... 9
GROUNDS FOR REVIEW ......................................................................... 10

**1.** **When reviewing the issue of forfeiture of the constitutional due process right to an uncoerced jury verdict, the court of appeals must first categorize the alleged error as either absolute, waivaible by affirmative action, or waivable by inaction. To summarily overrule the complaint because of the absence of a specific objection constitutes error in the court of appeals analysis.**

**2.** **The due process right to an uncoerced jury verdict falls under the category of absolute Constitutional rights.**

**3.** **Any language in a supplemental Allen jury charge which implies the obligation of the defendant to provide proof beyond a reasonable doubt is coercive.**

ARGUMENT ............................................................................................. 10
PRAYER FOR RELIEF ............................................................................... 15
CERTIFICATE OF COMPLIANCE ............................................................... 16
CERTIFICATE OF SERVICE ...................................................................... 16
APPENDIX .............................................................................................. 18

## INDEX OF AUTHORITIES

## <u>CASES</u>

Davison v. State, 405 S.W.3d 682 (Tex. Crim. App. 2013)....................................12
Daye v. Attorney Gen. of New York, 696 F.2d 186 (2nd Cir. 1982)..................12, 13
Garza v. State, 435 S.W.3d 258 (Tex. Crim. App. 2014) ........................................11
Green v. United States, 309 F.2d 852 (5th Cir. Fla. 1962) ........................................5
Smalls v. Batista, 191 F.3d 272 (2d Cir. N.Y. 1999) ..............................................14
Smalls v. Batista, 6 F. Supp.2d 211 (S.D.N.Y. 1988)..............................................12
United States v. Burgos, 55 F.3d 933 (4th Cir. S.C. 1995).....................................14

## <u>STATUTES</u>

TEX. R. APP. P. 33.1(a) ...........................................................................................11
TEX. CONST. ART. V, SECTION 10 .......................................................................12
UNITED STATES CONSTITUTION, Amendment 6 .............................................12
UNITED STATES CONSTITUTION, Amendment 14 ...........................................12

NO. _____

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

_____

**KRISTOPHER DONALD MIXON**

Petitioner

v.

**THE STATE OF TEXAS**

Petition in Cause No. 23,963-C from the
251st Judicial District Court of Randall County, Texas and
Case No. 07-15-00094-CR in the Court of Appeals for the Seventh
Supreme Judicial District of Texas

_____

**PETITION FOR DISCRETIONARY REVIEW**

TO THE HONORABLE JUDGES OF THE COURT OF
CRIMINAL APPEALS OF TEXAS:

KRISTOPHER DONALD MIXON petitions the Court to review the judgment

affirming his conviction for the second degree felony offense of possession of a

**6**

controlled substance (methamphetamine), and punishment assessed at eight (8) years confinement in the Institutional Division of the Texas Department of Criminal Justice, and the judgment of the Seventh Court of Appeals affirming that conviction.

## STATEMENT REGARDING ORAL ARGUMENT

This is a published opinion and may be used as precedent in future appellate decisions. Oral argument would be helpful to the Court for the purpose of discussing whether the Allen charge as used in this State continues to be viable and if so, whether a more bright line delineation of its proper use is necessary. There exists confusion among the appellate courts of this state regarding the extent to which trial courts may vary the language in an Allen charge from that contained in the traditional Allen jury charge as set out by the United States Supreme Court. If the Allen charge is to be of continuous validity in this State, a more bright line instruction of what language may be included and what language may be excluded in the Allen charge is needed. This would help eliminate much of the confusion in the application of the law to Allen charges, would eliminate the subjective application of the charge by appellate courts, and would give more effective direction to trial counsel for defendants who must respond at trial to the Allen charge.

**STATEMENT OF THE CASE**

Petitioner was convicted by a jury of possession of a controlled substance (methamphetamine). The Seventh Court of Appeals in its opinion in this case determined that (1) Petitioner has waived his complaint at the trial court level concerning the error in submitting the Allen charge [Court of Appeals Opinion, p. 9]; and (2) the trial court did not err in submitting the Allen charge at issue because it was not coercive. [Court of Appeals Opinion, p. 12].

The Seventh Court of Appeals summarily overruled Petitioner's Constitutional challenge concerning the Allen charge, claiming that Petitioner failed to specifically lodge his Constitutional challenge to the charge at trial [Court of Appeals Opinion, p. 9]. The court of appeals erred in this analysis, because the complaint on appeal falls under the category of absolute rights (which cannot be forfeited by inaction alone) or at the very least rights that must be waived by a waiver which is affirmatively, plainly, freely and intelligently made. The right of due process through an uncoerced jury verdict is not among the waivable constitutional rights.

The Seventh Court of Appeals also ruled that there was no error in the trial court's submission of the Allen charge, so Petitioner's complaint that the error was harmful was not addressed. The error of the court of Appeals analysis of Petitioner's first and second appellate complaints is that the specific variance by the trial court from

**8**

that Allen charge language which Texas appellate courts have deemed acceptable resulted in improper coercion, contrary to the finding of the Seventh Court of Appeals. The Allen charge in this case implied that the Petitioner had an obligation to offer proof beyond a reasonable doubt that he was not guilty of the charge in the indictment.

## STATEMENT OF PROCEDURAL HISTORY

Petitioner pleaded not guilty [RR Vol. 2, p. 112] to the offense of possession of a controlled substance (methamphetamine) as charged in the indictment [CR p. 8]. The case was tried to a jury, which found Petitioner guilty as charged in the indictment [RR Vol. 3, p. 148]. Petitioner elected to have the trial judge assess his punishment, and the trial court sentenced Petitioner in open court on December 16, 2014 to a term of eight (8) years in the Texas Department of Criminal Justice – Institutional Division [RR Vol. 4, p. 70]. Sentence was imposed in open court on December 16, 2014 [RR Vol. 4, p. 70], and the court's Nunc Pro Tunc Judgment of Conviction by Jury was signed on January 13, 2015 [CR pp. 114-116]. The trial court certified Petitioner's right to appeal the judgment [CR p. 100]. Petitioner filed a Motion For New Trial and Motion in Arrest of Judgment [CR 104-106; amended at CR 119-121]. In his amended motion for new trial, Petitioner raised the issue that the Allen charge given by the trial court was coercive. The amended motion for new trial was overruled by operation of law. Petitioner filed a timely notice of appeal [CR p. 136].

The Seventh Court of Appeals affirmed Petitioner's conviction on November 10, 2015. <u>Mixon v. State</u>, 2015 Tex. App. LEXIS 11645 (Tex. App. Amarillo November 10, 2015). Petitioner has filed a motion for rehearing concurrently with this petition, along with a motion to extend the time to file the motion for rehearing. Petitioner requested an extension of the time to file a petition for discretionary to August 5, 2015, which request was granted.

## GROUNDS FOR REVIEW - RESTATED

**When reviewing the issue of forfeiture of the constitutional due process right to an uncoerced jury verdict, the court of appeals must first categorize the alleged error as either absolute, waivaible by affirmative action, or waivable by inaction. To summarily overrule the complaint because of the absence of a specific objection constitutes error in the court of appeals analysis.**

**The due process right to an uncoerced jury verdict falls under the category of absolute Constitutional rights.**

**Any language in a supplemental Allen jury charge which implies the obligation of the defendant to provide proof beyond a reasonable doubt is coercive.**

## ARGUMENT

*Forfeiture of right to complain due to lack of trial objection*

In its decision, the Seventh Court of Appeals reviewed Petitioner's third ground for appeal and stated:

"When in response to the jury's note, the trial court proposed the supplemental charge, appellant objected as follows: — 'Judge, I just need to object to it. I will object. I would propose that they just be asked if they have any possibility of reaching a verdict.' The State responds, and we agree, that appellant's very general objection to the supplemental charge when it was proposed failed to preserve any challenge to the constitutional concerns he now raises on appeal. Only by reading the objection most liberally would the objection preserve any error on appeal. At any rate, there having been no mention whatsoever of any constitutional challenge to the supplemental charge, we conclude that appellant failed to preserve any constitutional issues concerning the supplemental charge and summarily overrule that point of error. See TEX. R. APP. P. 33.1(a)."

[Court of Appeals Opinion p. 9, note 2]

The rights of a defendant fall into three categories. The first category of rights are those that are widely considered so fundamental to the proper functioning of the adjudicatory process that they cannot be forfeited by inaction alone. These are considered absolute rights. The second category of rights is comprised of rights that are not forfeitable—they cannot be surrendered by mere inaction, but are waivable if the waiver is affirmatively, plainly, freely, and intelligently made. The trial judge has an independent duty to implement these rights absent any request unless there is an effective express waiver. Finally, the third category of rights are forfeitable and must be requested by the litigant. Many rights of the criminal defendant, including some constitutional rights, are in this category and can be forfeited by inaction." *Garza v. State*, 435 S.W.3d 258, 259 (Tex. Crim. App. 2014).

The right of due process through an uncoerced jury verdict, being grounded in the Sixth and Fourteenth Amendments to the United States Constitution and in ARTICLE V, SECTION 10 of The Texas Constitution, is not among the waivable constitutional rights. The trial court's submission of the Allen charge in this case implicates a constitutional right because it revolves around the issue of coercion. *Smalls v. Bautista*, 6 F. Supp.2d 211, 218 (S.D.N.Y. 1988). A defendant has a due process right to an uncoerced jury verdict. *Id., at 218*. A claim that the record is devoid of an objection is not subject to procedural default. *Davison v. State*, 405 S.W.3d 682, 684 (Tex. Crim. App. 2013).

Petitioner did lodge an objection to the Allen charge. Petitioner afforded the trial court a second opportunity to correct the charge error by specifically alleging the error in his amended motion for new trial.

Even supposing that Petitioner's claim did not, on its face, alert the state court to any federal claim, Petitioner satisfies the last test of the *Daye* analysis. Petitioner's contention regarding the Allen charge was sufficient to alert the state court that a federal due process claim was being asserted because the fact pattern alleged is within the mainstream of constitutional analysis. "The gravamen of a claim of denial of a fair trial due to judicial bias does not depend on the source of the bias or the manner of its manifestation. If judicial bias, or the appearance of it, existed, due process was denied.

We do not believe it reasonable to assume that state judges presented with a claim of manifested judicial bias would fail to recognize the implication of due process rights simply because half a century of due process cases dealt with the mere risk of bias or with actual bias manifested in other ways." *Daye v. Attorney Gen. of New York*, 696 F.2d 186, 197 (2nd Cir. 1982) (*en banc*).

This Court need not even reach the *Daye* question of whether the issue was cognizable pursuant to Petitioner's trial objection and motion for new trial if Petitioner is correct that the due process right at issue here is an absolute right and not subject to forfeiture.

### *Coercive nature of the Allen charge in this case*

In relevant part, the trial court's Allen charge in this case stated:

Although the verdict must be based upon proof beyond a reasonable doubt, and although the verdict must be the individual verdict of each juror, and not a mere acquiescence in the conclusion of other jurors, each juror should show a proper regard to the opinion of the other jurors.

[CR p. 97]

There is only one party in the criminal trial to whom the "proof beyond a reasonable doubt" burden applies: the State. The trial court's Allen charge in this case highlighted that burden, then provided some "although" exceptions, and finally instructed the jurors to "show a proper regard for the opinion of the other jurors."

**13**

Since the Petitioner had no obligation to prove anything beyond a reasonable doubt, requesting that the jury show proper regard for the opinion of other jurors could have been directed no other persons than those who felt the State had not met its burden and were therefore hanging up the jury deliberations. The fact that the trial court did not explicitly single out those "not guilty" jurors is of little legal significance. Although most courts upholding the use of the Allen charge which does not single out individual jurors, "an evaluation of a suspect Allen charge must be conducted from the perspective of a juror in the minority, because 'they always know their minority status, and if fearfully inclined, may presumably suspect a disgruntled judge can find them out.'" *United States v. Burgos*, 55 F.3d 933, 940 (4th Cir. S.C. 1995). The danger is clear, as stated by the New York Second Circuit: "Here, the juror in the minority was not made aware of the possibility that, if he or she was not convinced by the views of the majority, he or she should hold on to his or her own conscientiously held beliefs. The absence of that option might lead minority jurors to believe that unless they are able to convince the majority, they should abandon their own conscientiously held position." *Smalls v. Batista*, 191 F.3d 272, 281 (2d Cir. N.Y. 1999). In that case, the court held that the charge was rendered coercive not so much for what it contained but for what it failed to contain. The same is true in this case, with the added error that the astute juror could figure out to whom the "beyond a reasonable doubt" language was

**14**

directed. In sum, the Allen charge given in this case "gave the jury false notions of the validity and force of majority opinion; it tended to limit full and free discussion in the jury room; it prejudiced the right of an accused to a hung jury and a mistrial by tending to stifle the dissenting voices of minority jurors." *Green v. United States*, 309 F.2d 852, 856 (5th Cir. Fla. 1962).

For the foregoing reasons, Petitioner requests this Court to find that (1) Petitioner has not waived or forfeited his right to complain of the Allen charge submitted by the trial court; and (2) the Seventh Court of Appeals erroneously held that the Allen charge in this case was not coercive. Therefore, the judgment of the Seventh Court of Appeals should be reversed and Petitioner should be granted a new trial.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Petitioner prays that this Court grant this petition, and upon reviewing the judgment entered by the Seventh Court of Appeals, reverse the judgment of the Court of Appeals with instructions to that court to remand the case to the trial court for a new trial. In the alternative, in the event this Court determines that the court of appeals erroneously applied the standard regarding review of the alleged waiver or forfeiture by Petitioner of his Constitutional rights in this case, the Court of Criminal Appeals should reverse the judgment of the Seventh Court of Appeals and remand the case for a proper harm analysis.

Respectfully submitted,

Easterwood, Boyd & Simmons, PC
623 N. Main Street, P.O. Box 273
Hereford, TX 79045
Tel: (806) 364-6801
Fax: (806) 364-2526


By: /s/ James B. Johnston
James B. Johnston
State Bar No. 10838200
Email: bryan@ebs-law.net
Attorney for Kristopher Donald Mixon


CERTIFICATE OF COMPLIANCE

This is to certify that the number of words in this document according to the word count of the program used to prepare the document is 3009.


/s/ James B. Johnston
James B. Johnston


**Certificate of Service**

I hereby certify that a true copy of the foregoing instrument was provided to all counsel of record in this matter on the 10th day of December, 2015, in accordance with the Texas Rules of Appellate Procedure.

State Prosecuting Attorney
P. O. Box 12405
Austin, Texas 78711


**16**

Warren L. Clark
Randall County District Attorney's Office
2309 Russell Long Blvd., Ste. 120
Canyon, Texas 79015

/s/ James B. Johnston
James B. Johnston

APPENDIX

Opinion of the Seventh Court of Appeals



# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-15-00094-CR
_____

KRISTOPHER DONALD MIXON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 23,963-C, Honorable Ana Estevez, Presiding

November 10, 2015

OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Kristopher Donald Mixon, appeals the trial court's judgment by which he was convicted of possession of a controlled substance, methamphetamine, in an amount greater than four grams but less than 200 grams.[1] The trial court sentenced him to eight years' imprisonment. On appeal, he brings four points of error, three of which focus on the trial court's supplemental charge to the jury and the fourth of which challenges the sufficiency of the evidence. We will affirm.

---

[1] See TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (West 2010).

Factual and Procedural History

On November 4, 2012, Amarillo Police Department officers responded to an early morning 911 hang-up call from 7002 Imperial Trail in Amarillo, Texas. Officer Jarrod Robertson responded first to the scene of the hang-up call. He was met by a female named Belinda Treadway, appellant's girlfriend, who began to voice her suspicions to Robertson about an intruder being in the shed. Two other people in addition to Treadway and appellant were present that morning; the two people—appellant's daughter and her husband—had apparently just moved into the residence as well. Corporal Jerry Neufeld arrived a short time later to assist Robertson.

Both appellant and Treadway consented to a search of the home, including the shed. The search began with the shed in the backyard, described by Robertson as a detached garage that appeared to be used more as a workshop. As Robertson, Neufeld, and Treadway made their way to the shed, appellant retrieved the key and went outside to unlock the door to the shed.

After confirming that no one was located in the shed, the officers, appellant, and Treadway returned to the residence where Treadway retrieved and brought to Robertson an opened white box containing needles, spoons, a clear plastic bag containing a crystalline substance that looked like methamphetamine, and other items that Robertson recognized as drug paraphernalia. To rule out an alternative purpose for having the hypodermic needles in the home, Robertson asked whether appellant was a diabetic to which appellant responded, "No." When Robertson asked appellant what the contents of the bag were, appellant responded, "Probably meth."

A full-scale search of the residence then ensued, beginning in the northeast bedroom where the officers found several items of drug paraphernalia, specifically both broken and intact pipes. A search of the southeast bedroom yielded several more items of drug paraphernalia, including more pipes generally used for smoking methamphetamine. Robertson and Neufeld returned to the shed to continue their search, this time for narcotics. Officers found additional paraphernalia in the shed and also located a small green change purse on a shelf. Inside that purse, the officers discovered a plastic bag containing what they believed—and later confirmed—to be methamphetamine, the 6.85 grams possession of which is at issue in this case.

Appellant was convicted of possession of the 6.85 grams of methamphetamine and sentenced to eight years' imprisonment. On appeal from that conviction, he presents three points of error contending that the trial court reversibly erred by giving the jury a supplemental charge when the jury indicated that it was having difficulty reaching a decision. He also challenges the sufficiency of the evidence to support his conviction.

## Sufficiency of the Evidence

Appellant challenges the sufficiency of the evidence in the final point of error; however, because this point of error would, if sustained, afford the greatest relief to appellant, we will address the sufficiency of the evidence first. *See Chaney v. State*, 314 S.W.3d 561, 565, 566 n.6 (Tex. App.—Amarillo 2010, pet. ref'd) (citing TEX. R. APP. P. 43.3 and *Bradleys' Elec. Inc. v. Cigna Lloyds Ins. Co.*, 995 S.W.2d 675, 677 (Tex. 1999) (per curiam)).

3

<u>Standard of Review</u>

In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). "[O]nly that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction." *Brooks*, 323 S.W.3d at 917 (Cochran, J., concurring). We remain mindful that "[t]here is no higher burden of proof in any trial, criminal or civil, and there is no higher standard of appellate review than the standard mandated by *Jackson*." *Id.* When reviewing all of the evidence under the *Jackson* standard of review, the ultimate question is whether the jury's finding of guilt was a rational finding. *See id.* at 906–07 n.26 (discussing Judge Cochran's dissenting opinion in *Watson v. State*, 204 S.W.3d 404, 448–50 (Tex. Crim. App. 2006), as outlining the proper application of a single evidentiary standard of review). "[T]he reviewing court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony." *Id.* at 899.

<u>Applicable Law</u>

A conviction for possession of a controlled substance is supported only when the evidence establishes that the defendant "knowingly or intentionally possesse[d]" the alleged controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a). "A

4

person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist." TEX. PENAL CODE ANN. § 6.03(b) (West 2011). The mere presence of the accused at the place where contraband is located does not make him a party to joint possession, even if he knows of the contraband's existence. *Jenkins v. State*, 76 S.W.3d 709, 712 (Tex. App.—Corpus Christi 2002, pet. ref'd). Proof of possession requires evidence that the accused exercised "actual care, custody, control, or management" over the substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (West Supp. 2014). Thus, the State must prove the accused (1) "exercised control, management, or care over the substance" and (2) knew that the substance "possessed" was contraband. *See Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); *Martin v. State*, 753 S.W.2d 384, 387 (Tex. Crim. App. 1988) (en banc).

When the accused is not in exclusive control of the place where the contraband is found, the State must establish care, custody, control, or management by linking the accused to the substance through additional facts and circumstances. *See Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005) (quoting *Deshong v. State*, 625 S.W.2d 327, 329 (Tex. Crim. App. [Panel Op.] 1981)). Be it direct or circumstantial, the State's evidence of links must establish, "to the requisite level of confidence, that the accused's connection with the drug was more than just fortuitous." *See id.* at 405–06 (quoting *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995) (en banc)); *Park v. State*, 8 S.W.3d 351, 352–53 (Tex. App.—Amarillo 1999, no pet.). In other words, the evidence must affirmatively connect the accused to the contraband in such a manner and to such a degree that a reasonable inference may arise that the accused knew of

5

the contraband's existence and that he exercised control over it. *See Travis v. State*, 638 S.W.2d 502, 503 (Tex. Crim. App. [Panel Op.] 1982).

The several factors by which an accused may, under the unique circumstances of each case, be sufficiently "linked" to the contraband, include the following considerations: (1) the defendant's presence when a search is conducted; (2) whether the contraband is in plain view; (3) the defendant's proximity to and the accessibility of the contraband; (4) whether the defendant was under the influence of contraband when arrested; (5) whether the defendant possessed other contraband or narcotics connecting himself to the contraband; (6) whether the defendant made incriminating statements connecting himself to the contraband; (7) whether the defendant made furtive gestures; (8) whether there was an odor of contraband; (9) whether other contraband or drug paraphernalia were present; (10) whether the defendant owned or had the right to possess the place where the contraband was found; (11) whether the place where the contraband was found was enclosed; (12) whether the defendant was found with a large amount of cash; (13) whether the conduct of the defendant indicated a consciousness of guilt, including whether the accused attempted to flee; and (14) whether occupants of the premises gave conflicting statements about relevant matters. *See Evans*, 202 S.W.3d at 162 n.12; *Jenkins*, 76 S.W.3d at 712–13; *see also Triplett v. State*, 292 S.W.3d 205, 209 (Tex. App.—Amarillo 2009, pet. ref'd) (listing numerous factors to be considered in analysis). These factors, however, are simply that—factors which may circumstantially establish the sufficiency of evidence offered to prove a knowing "possession." *See Evans*, 202 S.W.3d at 162 n.12 (cautioning courts that

6

these factors "are not a litmus test"). It is not the number of links that is dispositive; rather, it is the logical force of all the evidence. *See id.* at 162.

Analysis

In evaluating the evidence for factors linking appellant to the methamphetamine found in the shed, we note that the methamphetamine at issue was found in a purse in a locked outdoor shed, the key to which appellant apparently controlled. Scales and several other items of paraphernalia were present throughout the house and the shed, though appellant maintains none of those items were directly linked to him. Specifically, several pipes were found in the southeast bedroom that had been converted by appellant into a video surveillance equipment room, used to monitor activities on and around the property.

Appellant was considered the "primary resident" of the house although appellant's sister held title to the house. From the interaction with police at the scene, we see that appellant was familiar with and admitting using methamphetamine at various points in the past. In fact, when Treadway brought the opened box of drug paraphernalia and a plastic bag with an unidentified substance in it, appellant readily concluded that the bag probably contained methamphetamine.

Through these additional facts and circumstances, the State presented evidence from which the jury could have rationally found that appellant (1) "exercised control, management, or care over the substance" and (2) knew that the substance "possessed" was contraband. *See id.* at 161.

Appellant highlights a number of other "factors" which did not link him to the methamphetamine found in the shed. He points out that there is no evidence that appellant was under the influence of methamphetamine when he was arrested, that appellant made no incriminating statements when arrested, that appellant made no attempt to flee and no furtive gestures, that officers found no large amounts of cash, and that there were no other indications in appellant's behavior of a consciousness of guilt. However, the "absence of various affirmative links does not constitute evidence of innocence to be weighed against the affirmative links present." *Jones v. State*, 466 S.W.3d 252, 260 (Tex. App.—Houston [1st Dist.] 2015, pet. filed) (quoting *James v. State*, 264 S.W.3d 215, 219 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd)).

Appellant also emphasizes that it was Treadway who had actual knowledge of the first amount of methamphetamine as evidenced by the fact that she retrieved it and brought it to Robertson. Nonetheless, that Treadway may have also known enough about or been sufficiently linked to methamphetamine is not at issue in this case. "The mere fact that a person other than the accused might have joint possession of the premises does not require the State to prove that the defendant had *sole* possession of the contraband, only that there are affirmative links between the defendant and the drugs such that he, too, knew of the drugs and constructively possessed them." *Poindexter*, 153 S.W.3d at 412; *see Cole v. State*, 194 S.W.3d 538, 548 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) ("The State need not prove exclusive possession of the contraband for conviction.").

Having found the evidence was sufficient, such that the jury could have rationally concluded that appellant knowingly or intentionally possessed the methamphetamine

found in the shed, and remaining unpersuaded by the evidence he cites as militating against guilt, we overrule his point of error.

Supplemental Charge to the Jury

In his first three points of error, appellant takes issue with the trial court's supplemental charge to the jury. First, he contends that the trial court erred by issuing said charge to the jury. Secondly, he contends that such error caused harm to appellant. Finally, he contends the trial court's supplemental jury charge deprived him of a fair and impartial trial as guaranteed by the Sixth Amendment to the United States Constitution and by Article V, Section 10 of the Texas Constitution.[2]

Applicable Law and Standard of Review

When the jury sent out a note that it "[could] not reach decision on this case," the trial court proposed a supplemental charge reminding the jury that, if it is unable to reach a verdict, a mistrial will result, the case will still be pending, and there is no guarantee that a second jury would find the issue any easier to resolve. Appellant lodged a very general objection to this supplemental charge and proposed an alternative charge in the form of a question to the jury regarding the possibility of reaching a verdict. The trial court overruled appellant's objection and read the

---

[2] When in response to the jury's note, the trial court proposed the supplemental charge, appellant objected as follows: "Judge, I just need to object to it. I will object. I would propose that they just be asked if they have any possibility of reaching a verdict." The State responds, and we agree, that appellant's very general objection to the supplemental charge when it was proposed failed to preserve any challenge to the constitutional concerns he now raises on appeal. Only by reading the objection most liberally would the objection preserve any error on appeal. At any rate, there having been no mention whatsoever of any constitutional challenge to the supplemental charge, we conclude that appellant failed to preserve any constitutional issues concerning the supplemental charge and summarily overrule that point of error. *See* TEX. R. APP. P. 33.1(a).

9

supplemental charge to the jury. Having received its supplemental charge, the jury retired from the courtroom at 2:09 p.m. At 3:26, the trial court noted that the jury indicated that it had reached a verdict.

A supplemental charge, such as the one given in this case, to a jury that had declared itself deadlocked is widely known as an *Allen* charge. *See Barnett v. State*, 189 S.W.3d 272, 277 n.13 (Tex. Crim. App. 2006); *see also Ex parte Menchaca*, 854 S.W.2d 128, 130 & n.3 (Tex. Crim. App. 1993) (en banc) (noting one alternative name for *Allen* charge is a "dynamite" charge). An *Allen* charge takes its name from *Allen v. United States*, 164 U.S. 492, 501, 17 S. Ct. 154, 41 L. Ed. 528 (1896), and refers to a supplemental charge sometimes given to a jury that declares itself deadlocked. Generally speaking, it is designed to remind the jury that if it is unable to reach a verdict, a mistrial will result, the case will still be pending, and there is no guarantee that a second jury would find the issue any easier to resolve. *See id.*; *Barnett*, 189 S.W.3d at 277 n.13. The use of an *Allen* charge in this context has long been sanctioned by both the United States Supreme Court and the Texas Court of Criminal Appeals. *See Allen*, 164 U.S. at 501–02; *Howard v. State*, 941 S.W.2d 102, 123 (Tex. Crim. App. 1996) (en banc), *overruled on other grounds by Easley v. State*, 424 S.W.3d 535, 538 & n.23 (Tex. Crim. App. 2014); *Arrevalo v. State*, 489 S.W.2d 569, 571–72 (Tex. Crim. App 1973).

Nevertheless, trial courts are cautioned that they must design and administer this supplemental charge in a non-coercive manner. *See Howard*, 941 S.W.2d at 123–24. Generally speaking, "a supplemental charge which suggests that *all* jurors reevaluate their opinions in the face of disparate viewpoints cannot be said to be coercive on its

face." *Id.* at 123. The primary inquiry to determine the propriety of an *Allen* charge is its coercive effect on juror deliberation, "in its context and under all circumstances." *Lowenfield v. Phelps*, 484 U.S. 231, 237, 108 S. Ct. 546, 98 L. Ed. 2d 568 (1988) (quoting *Jenkins v. United States*, 380 U.S. 445, 446, 85 S. Ct. 1059, 13 L. Ed. 2d 957 (1965) (per curiam)).

Analysis

When, after approximately three and one-half hours of deliberation, the jury indicated to the trial court that it was unable to reach a decision, the trial court issued the following supplemental instruction over appellant's general objection:

> You are instructed that in a case of this nature it is not unusual for your deliberations to take a considerable amount of time.
>
> You are further instructed that in a large portion of the cases absolute certainty cannot be expected. Although the verdict must be based upon proof beyond a reasonable doubt, and although the verdict must be the individual verdict of each juror, and not a mere acquiescence in the conclusion of other jurors, each juror should show a proper regard to the opinion of the other jurors. You should listen, with a disposition to be convinced, to the arguments of the other jurors. You should consider whether or not you are basing your opinion on speculation or surmise and not on the evidence in this case.
>
> If this jury finds itself unable to arrive at a unanimous verdict, it will be necessary for the Court to declare a mistrial and discharge the jury. The indictment will still be pending, and it is reasonable to assume that the case will be tried again before another jury at some future time. Any such future jury will be impaneled in the same way this jury has been impaneled and will likely hear the same evidence which has been presented to this jury. The questions to be determined by that jury will be the same questions confronting you, and there is no reason to expect that the next jury will find these questions any easier to decide than you have found them.
>
> With this additional instruction, you are requested to continue your deliberations in an effort to arrive at a verdict that is acceptable to all

members of the jury, if you can do so without doing violence to the conscience of any individual juror.

The trial court then requested that the jury retire and continue its deliberations. It did so and returned its guilty verdict one hour and seventeen minutes later.

As is apparent from the face of the *Allen* charge given, the trial court did not direct the supplemental charge toward the minority jurors. *See Howard*, 941 S.W.2d at 123–24. The instructions contained in the *Allen* charge utilized here are consistent with similar instructions used in *Allen* charges used throughout this state and have been held to be noncoercive. *See West v. State*, 121 S.W.3d 95, 108–09 (Tex. App.—Fort Worth 2003, pet. ref'd) (concluding that nearly identical *Allen* charge was not coercive and providing citation to several state and federal cases dealing with similarly worded *Allen* charges). That said, the *Allen* charge was not coercive on its face, nor was it delivered with any additional comment that could be read to be coercive or in any way convey the trial court's view of the case. *See Howard*, 941 S.W.2d at 123–24 (observing, in that case, that supplemental charge directing "*all* jurors" to reevaluate their opinions was not coercive on its face and noting further that the trial court "did not shade the instruction with coercive nuance").

Instead, the charge given here appears to be designed to "avert an impasse" following three and one-half hours of deliberation. *See id.* at 124. Indeed, the jury continued to deliberate for an additional one hour and seventeen minutes after having been so charged, suggesting that the jury did continue deliberations rather than come to a decision following a simple acquiescence by the minority jurors. We conclude that the trial court did not err in giving the *Allen* charge to the jury in these circumstances.

12

We overrule appellant's first point of error contending that the *Allen* charge from the trial court was error. Having so concluded, we need not address whether the alleged error was harmful and overrule appellant's second point of error as well.

Conclusion

Having overruled appellant's points of error, we affirm the trial court's judgment of conviction. *See* TEX. R. APP. P. 43.2(a).

Mackey K. Hancock
Justice

Publish.

Print this page

# Envelope 8190601

## Case Information

| | |
|---|---|
| Location | Court Of Criminal Appeals |
| Date Filed | 12/10/2015 11:59:07 PM |
| Case Number | |
| Case Description | |
| Assigned to Judge | |
| Attorney | James Johnston |
| Firm Name | Easterwood, Boyd & Simmons, P.C. |
| Filed By | James Johnston |
| Filer Type | Not Applicable |

## Fees

| | |
|---|---|
| Convenience Fee | $0.09 |
| Total Court Case Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $3.00 |
| Total Provider Tax Fees | $0.25 |
| Grand Total | $3.34 |

## Payment

| | |
|---|---|
| Account Name | Easterwood, Boyd & Simmons, P.C. |
| Transaction Amount | $3.34 |
| Transaction Response | |
| Transaction ID | 13340382 |
| Order # | 008190601-0 |

## Petition for Discretionary Review

| | |
|---|---|
| Filing Type | EFile |
| Filing Code | Petition for Discretionary Review |
| Filing Description | Petition for Discretionary Review |
| Reference Number | 14-100448 |
| Comments | |
| Status | Rejected |

### Fees

| | |
|---|---|
| Court Fee | $0.00 |
| Service Fee | $0.00 |

### Rejection Information

| Rejection Reason | Time | Rejection Comment |
|---|---|---|
| Other | 12/11/2015 09:41:35 | Pursuant to our recent telephone conversation I am rejecting this filing so that a correction can be made to the petition. You have ten days to file your corrected |

AM                petition.

| Documents | | |
|---|---|---|
| *Lead Document* | PDR 12.10.15.pdf | [Original] |